## IN RE APPLICATION OF FARMERS STATE BANK OF WINDOM FOR REFUND OF TAXES.[1]

October 3, 1924.

No. 24,308.

**Bank's money invested in real estate not taxable as capital.**

Under Laws 1921, c. 416, the amount of the capital funds of a bank, organized under the laws of this state, legally invested in real estate, may be deducted from the amount of the capital funds, and the remainder shall be taken as a basis for determining the taxable value of the capital funds of the bank.

Upon the relation of the Farmers State Bank of Windom the supreme court granted its writ of certiorari directed to the Minnesota Tax Commission and N. A. Nelson, secretary thereof, to review proceedings before the commission refusing to refund to relator taxes collected for 1923. Affirmed.

*Eli R. Lund* and *George P. Gurley,* for relator.

*Clifford L. Hilton,* Attorney General, and *G. A. Youngquist,* Assistant Attorney General, for respondent.

QUINN, J.

Certiorari to review proceedings of the State Tax Commission, wherein it refused to refund $540.51, claimed to have been unlawfully exacted from the relator, as taxes for the year 1923.

The relator is a banking corporation, organized and doing a gen-

[1]Reported in 200 N. W. 89.

eral banking business under the laws of this state.  In 1923 it made a statement of its affairs to the assessor to aid him in arriving at the taxable value of its capital funds for the purpose of taxation, as required by chapter 416, p. 644, Laws 1921.

From such statement it appeared that such capital funds, including stock, surplus and undivided profits, amounted to $53,000. This fund included seven parcels of real estate, consisting of lots and farm lands in various parts of the state, taken by the bank on account of divers claims owing it.  These several parcels are carried on the bank books at $16,488.33.  They were valued by the various assessors at $24,471 in the aggregate, and were of the actual value of $37,600 with encumbrances thereon to the amount of $16,900.

In addition to the foregoing, the relator owns its banking house property, of the value of $13,000, assessed at $10,000 and carried on its books at $11,615.  Adjoining this property it has a house and lot which it owns and leases at the present time for use as a bakery and upon which it contemplates the erection of a new banking house.  This property is of the value of $4,000, encumbered for $1,000, assessed at $2,300, and carried on the books of the bank at $2,500.

Chapter 258, p. 304, Laws 1921, is as follows:

"Such bank may purchase, hold and convey real estate for the following purposes:

"1.  Such as shall be necessary for the convenient transaction of its business, including with its banking office other apartments to rent as a source of income, which investment shall not exceed forty per centum of its paid-in capital stock and permanent surplus.

"2.  Such as is acquired through foreclosure of any mortgage given to it in good faith by way of security for loans made or money due to such bank.

"3.  Such as is conveyed to it in satisfaction of debts previously contracted in good faith in the course of its dealings.

"4.  Such as it acquires by sale on execution or judgment of any court in its favor.

"It shall not purchase, hold or convey real estate in any other case or for any other purpose whatever. No real estate acquired in the cases contemplated in the second, third and fourth subsections above shall be held for a longer period than five years, unless such time has been extended by certificate of the superintendent of banks duly filed for record with the register of deeds of each proper county."

Chapter 416, p. 644, Laws 1921, provides that the moneyed capital of every bank or mortgage loan company organized under the laws of this state, shall be assessed and taxed at 40 per cent of the true and full value thereof in the city, village, town or district where such bank or loan company is located; that such moneyed capital shall be assessed and taxed against such bank or loan company, and the taxes levied thereon shall be paid by such bank or loan company; that, to aid the assessors in determining the value of the moneyed capital of such banks or loan companies, the accounting officers thereof shall furnish a statement to the assessors showing the amount and number of shares of the capital stock, the amount of its surplus, undivided profits and all other funds, and the amount of its legally authorized investments in real estate located in this state, which real estate shall be assessed and taxed in the same manner as other real estate; that the assessor shall deduct the amount of such legally authorized investments in real estate from the aggregate amount of such capital, surplus, undivided profits and other funds, and the remainder shall be taken as a basis for determining the taxable value of the moneyed capital of such banks and loan companies.

There is no controversy over the facts involved in this litigation, the proper construction of chapter 416, p. 644, Laws 1921, being the sole question for consideration, i. e., under the provisions of that act, should the amount of the legally authorized investments in real estate be deducted, by the assessor, from the aggregate amount of the capital, surplus, undivided profits and other funds, or should the value of the real estate so acquired and held as fixed by the taxing authorities, be deducted in determining the taxable value of

the moneyed capital of the banks? Put in another way, should the value of the real estate, as fixed by the assessor, be deducted, or, should the amount of the capital funds, which the bank has invested therein, be deducted?

We think the statute should be construed to mean just what it says. It provides for a deduction of the amount legally invested in real estate from the aggregate amount of the capital funds, and the remainder shall be taken as a basis for determining the taxable value of the capital funds of the bank, the apparent legislative intent being to allow a deduction, for the purpose of taxation, equal to the amount of the funds taken from the capital funds and legally invested in real estate, and no more. This is just what the commission did and it must be sustained. The act makes no reference to the value placed upon the real estate by the assessor.

We have found it convenient to refer in terms to Laws 1921, p. 644, c. 416. The brief of the state informs us that litigation is pending which may reach this court in which the state assails the constitutionality of chapter 416 upon grounds not necessary to mention here. The result in this case would not be different if chapter 416 were wholly unconstitutional. The provisions of G. S. 1913, §§ 2017-2020, pertinent to this case, are like those of chapter 416. No question bearing upon the constitutionality of chapter 416 is considered or decided.

Writ dismissed.